DOWNEY, Chief Judge.
These are consolidated appeals to review two orders, (1) reinstating appellant’s suit which had been dismissed for lack of prosecution, and (2) a subsequent order again dismissing appellant’s suit for lack of prosecution.
Frank Patten sued Karl Kandell, Kandell Construction Corporation, and a number of other corporations allegedly controlled by Karl Kandell. The complaint was cast in three counts. Count I was based upon a promissory note from Kandell Construction Corporation to Patten; Count II was a shareholder’s derivative suit against the officers and directors of Kandell Construction Corporation; Count III sought damages against Karl P. Kandell individually and as alter ego of the various corporations. The case was set for trial on May 17, 1976. However, on April 12, 1976, Kandell Construction Corporation filed a Suggestion of Bankruptcy, whereupon Patten moved for a continuance of the trial date. The continuance was granted “until reset upon motion by Plaintiff or the Trustee in Bankruptcy."
Kandell Construction Corporation was discharged in bankruptcy July 21, 1976. Patten sought without success to reopen the bankruptcy proceeding in order to pursue the stockholder’s derivative action. On February 13, 1978, Patten moved to compel discovery in this case and then learned that the case had been dismissed in December 1977 for lack of prosecution. Thereupon, Patten moved the trial court to set aside the order of dismissal. Patten alleged that he had not received the order of dismissal, but in any event, the dismissal was due to excusable neglect, mistake, inadvertence, etc., under Florida Rule of Civil Procedure 1.540(b). The trial court granted that motion and reinstated the case with leave for defendant to file a new motion for lack of prosecution. Appellants, Kandell, seek review of that order in Case No. 78-1228.
The record reflects no activity from the continuance of April 1976 until the case was dismissed in December 1977. In the meantime, the bankruptcy case had long since been concluded in July 1976. In October 1977 the Chief Judge of the Circuit Court sent counsel notice that a number of cases were scheduled to be dismissed for lack of prosecution and that a list of these cases was available in the Clerk’s office. Unfortunately, in reviewing the list, counsel overlooked this case and consequently it was dismissed on December 30, 1977. In our opinion, the dismissal was proper and the reinstatement on June 1, 1978 was not. The reinstatement was sought pursuant to Florida Rule of Civil Procedure 1.540(b) on the grounds of excusable neglect. To characterize the appellee’s inattention to this case over a period of nearly two years as excusable neglect would emasculate the finality of dismissal for lack of prosecution *358 and allow almost any inattention to a case to be described as excusable. Appellee in Case No. 78-1228 did not keep up with the progress of the bankruptcy, and although he tried without success to reopen that proceeding to have his derivative suit allowed, he still took no action in this proceeding to progress this case. Finally, when notified of a list of cases set for dismissal, counsel misread the list and failed to note this case thereon.
As we have said previously, the case should not have been reinstated. Thus, an appropriate disposition of these consolidated appeals is to reverse the order of June 1, 1978 reinstating the case, which makes the appeal from the subsequent order of dismissal moot.
Accordingly, the appeal from the order of August 2, 1978 is dismissed as moot. The order of June 1, 1978 appealed in Case No. 78-1228 is reversed and the case is remanded with directions to dismiss the cause.
CROSS, SPENCER C., and DAUKSCH, JAMES C., Associate Judges, concur.